[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Harrington Forgione for plaintiff.
Regnier, Taylor, Curran Eddy for defendant.
The plaintiffs, Virginia and Leo Stanlake filed an application to vacate an Award of Arbitration dated January 31, 1994. In a companion case United Services Automobile Associationv. Stanlake, Docket No. 357320 the defendants in the present case filed an application to vacate, correct or modify the same Arbitration Award. The defendants in this case are the United Services Automobile Association and Progressive Casualty Insurance Company. The Uninsured Motorist Arbitration Award dated CT Page 8059 December 30, 1993 set forth the following factual stipulations:
 "1. On January 6, 1989 the plaintiffs were passengers in a vehicle owned and operated by Cartier Limousine Service (hereinafter Cartier), insured by Progressive, when a car owned by Agency Rent-A-Car Inc. (hereinafter Agency), insured with a certificate of self insurance, operated by Robert Kaczorowski, who had no applicable personal liability insurance and to whom Agency has now declined to provide liability insurance protection, so negligently operated the Agency car so as to cause the same to strike the Cartier car thereby proximately causing the plaintiffs to sustain injuries.
 2. On said date, the plaintiffs were insured, on their personal automobile policy, for uninsured and under insured motorist protection with United in the amount of $900,000.00 and with Progressive in the amount of $1,000,000.00 by virtue of their permissive occupancy in the Cartier limousine.
 3. Kaczorowski had leased the car he operated from Agency. Agency based its declination of liability coverage to Kaczorowski on `misrepresentations of insurance coverage and alleged operation of the vehicle in violation of the motor vehicle laws.'"
The following issues was submitted by the parties to the arbitration panel for determination:
1. Whether the respondents applicable insurance policies provided uninsured or underinsured motorist coverage to the claimants.
2. Whether Wheeler, is applicable so as to trigger uninsured motorist coverage at this time.
3. Whether the denial of coverage by Agency to Kaczorowski is valid. CT Page 8060
4. Whether Agency is liable for damages caused by Kaczorowski negligence pursuant to § 14-154a.
5. Whether Kaczorowski was legally liable for the collision and proximately resulting injuries and losses suffered by the claimants.
6. What sums constitute fair, just and reasonable damages for injuries and losses suffered by the Stanlakes as a proximate result of the collision.
The arbiters made findings. Those findings concluded: the damages for injuries and losses suffered by Leo and Virginia Stanlake total $17,500.00 and $52,500.00 respectively. Kaczorowski is legally liable for the accident and the injuries and losses suffered by the plaintiffs. The applicable Progressive and United Service Insurance Policies provide uninsured motorist coverage only when both the legally liable operator and the vehicle used by said operator have no applicable liability insurance. A determination as to whether there is liability coverage on the Agency car will depend on whether Agency is legally liable pursuant to General Statutes § 14-154a. Until such determination is made in the civil suit, the arbitration panel will not know whether there is an applicable liability coverage to respond to the plaintiffs' claims. If Agency is held to be liable in the civil action then the car driven by Kaczorowski was not uninsured; if Agency is held to be not legally liable in the civil action then the car driven by Kaczorowski was underinsured. Finally, if Agency is held to be legally liable and all the applicable liability insurance is exhausted, then the car driven by Kaczorowski, pursuant to § 13a-336, was an underinsured motor vehicle. Accordingly, the arbitrators concluded that the claim for underinsured or uninsured motorist coverage was premature at the time of the arbitration. The arbiters further concluded that the reasoning of Wheeler v. General Accident,221 Conn. 206 (1992) is not applicable to the present case.
DISCUSSION
I. Applicability of Wheeler
The plaintiffs first addressed the issue of whether the plaintiffs were required to exhaust any coverages available through the self insurance of Agency before proceeding to CT Page 8061 arbitration. The plaintiffs maintain that the present case is controlled by General Accident Company v. Wheeler, and that the driver, Kaczorowski and the owner and self-insured, Agency, are separate tortfeasors. The plaintiffs argue that because one tortfeasor, the driver, is uninsured the plaintiffs are entitled to pursue the protections available to them under the underinsured/uninsured provisions of the defendant's policy without having to exhaust the coverage of remaining tortfeasors. The court holds that Wheeler is not applicable to the present case. For the reasons set forth in Ciarelli, 11 Conn. L. Rptr. 1, 34 (March 14, 1994, Booth J.) the court distinguishes Wheeler and holds that in the instant case there is a single tortfeasor and accordingly the Wheeler analysis is inapplicable.
II. Whether a self-insured vehicle could constitute an underinsured or uninsured vehicle for purposes of triggering underinsured or uninsured motor vehicle coverage.
General Statutes § 38a-336 (formerly § 38-175c) provides:
 "Each automobile liability policy shall provide . . . called uninsured motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and uninsured motor vehicles . . . because of bodily injury. . . ."
"Statutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorist," AmericanMotorist Ins. Company v. Gould, 213 Conn. 625, 628 (1990).
Connecticut Regulations § 38a-334-6 (formerly § 38-175a-6) adopted pursuant to Connecticut General Statutes §38a-334, sets forth the minimum provisions for protection against uninsured motorists and provides in pertinent part "the insurers obligation to pay may be made inapplicable . . . if the uninsured motor vehicle is owned by . . . a self-insurer under any motor vehicle law. . ." Regulations § 38a-334-6 (c)(2)(B).
Pursuant to Connecticut General Statutes § 38a-336(d) a determination as to whether a motor vehicle is "underinsured" requires a consideration of all bodily injury liability bonds and insurance policies applicable at the time of the accident, but not applicable self-insurance coverage. Section 38a-336(b) CT Page 8062 obligates the insurer to pay the insured up to the limits of the policies uninsured motorist coverage with a deduction for the "limits of liability under all bodily liability bonds and insurance policies applicable at the time of the accident." Thus the language does not allow the insurer to deduct any applicable self-insurance. Accordingly, an insured who is injured in a collision with a vehicle operated by a driver with liability insurance and owned by a self-insurer need only consider the coverage available under the liability insurance, not the self-insurance, when determining whether the tortfeasor vehicle constitutes an uninsured motor vehicle pursuant to §38a-336(d).
However, Regulation § 38a-334-6(c)(2)(B) operates to allow the insurer to deduct applicable self-insurance coverage, in addition to bodily injury liability bonds and insurance policies, from the amount of uninsured motorist coverage the insurer is obligated to pay. Accordingly, the exclusion for uninsured motor vehicles owned by self-insurers, set forth in Regulation § 38a-334-6(c)(2)(B) does not operate to extinguish an insurers obligation to pay uninsured motorist benefits in the event the tortfeasor vehicle is owned by a self-insurer, but instead operates to allow the insurer to factor in any amounts available from the self-insured owner when determining the amount of underinsured motorist benefits owed. In the instant case the self-insurance provisions permit the defendants to deduct from the amount of the uninsured motorist coverage owed to the plaintiffs the limit of self-insurance under Agency's self-insurance certificate which is available to the plaintiff.
III. Whether an insured must exhaust the tortfeasor's liability insurance before proceeding to arbitration on uninsured motorist coverage.
General Statutes § 38a-336(b) obligates insurance companies to pay on a policy's uninsured motorist coverage only after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements. Continental Ins. Company v, Cebe-Habersky,214 Conn. 209 (1990). The court holds that for the purposes of exhaustion self-insurance is a functional equivalent of "bodily injury liability bonds in insurance policies." Therefore, if the claimant is required to exhaust the limits of bodily liability CT Page 8063 under bodily liability bonds and insurance policies, the claimant is also required to exhaust the limits of applicable self-insurance.
However, although Cebe-Habersky requires exhaustion before recovery, the Supreme Court subsequently held that Cebe-Habersky
"did not hold that a claim against a tortfeasor in an arbitration action against an insurer cannot be initiated simultaneously"McGlinchey v. Aetna Casualty and Surety Company, 224 Conn. 133, n. 7 (1992). Thus this court holds that while the insured must exhaust his remedies against the self-insurance before he is legally entitled to collect under insured motorist coverage, the insured is not required to exhaust the limits of liability policies and self insurance prior to seeking arbitration.
For the foregoing reasons the Application to Vacate the Arbitration Award is denied and the award is confirmed.
Kevin E. Booth, Judge